Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-344-JBC

RICHARD ANDREW PARSONS                                                                          PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

ADAM HASSEN AND A.H. CORPORATION
       d/b/a WORLD CLASS AUTO                                                                    DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Richard Andrew Parsons, of Madison County, Kentucky, has filed a *pro se* complaint, together with an application to proceed *in forma pauperis*. Both are before the Court for initial screening. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As Plaintiff is appearing *pro se*, his pleadings are held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in the *pro se* litigant's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

FACTUAL ALLEGATIONS AND CLAIMS

Plaintiff describes himself as "a male with a disability," and in his Motion to Proceed *in forma pauperis,* he reveals that he receives disability benefits of $866.30 monthly.  He claims to have had a position as senior sales person at the Defendant business, World Class Auto, in Jessamine County, Kentucky.

The Plaintiff alleges that the Defendant did not give him a position which he had been promised; humiliated him and thereby created stress in him by not letting him pick out a desk when the business moved into a new showroom; failed to provide a reasonable accommodation, which Parson claims would not have caused undue hardship, although Parsons does not reveal what accommodation he sought; and refused to talk with him when he learned that he had been fired.  "I am still owed commissions on sales sold that I have taken up with the Wage and Hour."

Parsons's allegations do not include the dates on which these various alleged events occurred.  Another problem with his initial pleading is that he lists Adam Hassen as a Defendant, but he does not identify which actions were taken by him.  Nor does the Plaintiff specify the relief which he seeks.  The Court construes his minimal allegations to mean that he wishes to recover damages.

## DISCUSSION

The federal courts are courts of limited jurisdiction.  The judicial power of the courts, as described in Article III of the Constitution, may not be extended. U.S.C.A., Const. Art. 3, § 1, *et* seq.  The plaintiff has the burden to set out expressly affirmative allegations to establish that this Court has subject matter jurisdiction.  *See e.g.*,

*Thomson v. Gaiskill*, 315 U.S. 442 (1942); 5 Charles Wright & Arthur Miller, Federal Practice and Procedure.

Therefore, "[q]uite logically, we examine the jurisdictional issue at the outset. *See Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 95 . . . (1981) . . . ." *Moubry by Moubry v. Independent School District No. 696 (Ely)*, 951 F. Supp. 867, 882 (D. Minn. 1996) ( repeating the "core truth" that federal courts are courts of limited jurisdiction and citing to, *inter alia*, *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986), which in turn cites to *Marbury v. Madison*, 5 U.S. 137 (1803)). The Court has a "primordial duty" to inquire into the prerequisite of subject matter jurisdiction, as "a threshold consideration." *Id.*

The instant Plaintiff makes two references to the legal basis for this lawsuit. The first sentence in his complaint is, "I Richard A. Parsons, would like to file a lawsuit against A.H. Corporation d/b/a/ World Class Auto under the statue [sic] KSR 344.030 to KRS 347.040." In the third paragraph of his 5-paragraph complaint, he writes, "Under statue 347.030 Rights of developmentally disabled person (6) Reasonable accommodation, this request would not have caused any 'Undue hardship' under the situation."

These are all Kentucky statutes. Chapter 347 of the Kentucky Revised Statutes ("KRS") is titled, "Persons with Developmental Disabilities." KRS 347.030 therein contains the "Rights of developmentally disabled person," and KRS 347.040 is the "Joint statewide plan to serve developmentally disabled persons." The third

3

referenced statute, KRS 344.030, contains definitions for Chapter 344, "Civil Rights," which includes a definition of "Reasonable accommodation" at KRS 344.030(6).

Because the plaintiff has not set forth a federal basis for this complaint, the court is without jurisdiction to entertain it. Federal Rule of Civil Procedure 12(b)(1). Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). Accordingly, *sua sponte* dismissal is proper upon a district court's discovery of lack of subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Morrison v. Tomano*, 755 F.2d 515 (6th Cir. 1985).

A mere violation of state law will not establish a proper claim pursuant to 42 U.S.C. § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Conley v. Williams*, 28 F.3d 1213 (6th Cir. 1994) (unpublished opinion)). A state law requirement that extends the protection afforded to an individual under the United States Constitution cannot be the basis for a 42 U.S.C. § 1983 claim. *Id.* In *Pyles*, the appellate court in this circuit set forth:

> In sum, Raisor's alleged violation of Kentucky law is not actionable under § 1983. As was stated in *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989), "[a] state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules."

*Id.* at 1217. Accordingly the Plaintiff's complaint will be dismissed for lack of subject

4

matter jurisdiction, the dismissal to be without prejudice to Parsons's ability to re-file a complaint in which he sets out the jurisdictional basis under which he comes to federal court.

Should the Plaintiff re-file and place jurisdiction in general Federal Civil Rights legislation and/or in the Americans with Disabilities Act, he is advised that he will again face dismissal unless he demonstrates that he first exhausted the administrative remedies set up for such claims, *i.e.*, he timely filed a claim with the Equal Employment Opportunities Commission ("EEOC") and obtained an EEOC right-to-sue letter before bringing the lawsuit to District Court. *See Piper v. R.J. Corman Railroad Group*, 2005 WL 1523566, *3-4 (E.D.Ky. 2005) (not reported).

## CONCLUSION

The Court having decided that dismissal of the instant cause is required for lack of subject matter jurisdiction, **IT IS ORDERED** as follows:

(1) Plaintiff Richard Andrew Parsons' Motion to Proceed *in forma pauperis* [Record No. 2] is **GRANTED**.

(2) This action will be **DISMISSED**, *sua sponte*, without prejudice.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY

Signed on  December 7, 2007